# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | Criminal Case No. 11-213 (BAH) |
| DANTE SHEFFIELD, | Judge Beryl A. Howell |
| Defendant. | |

## MEMORANDUM OPINION

Pending before the Court is defendant Dante Sheffield's "Motion to Test Drugs Not Submitted to DEA." ECF No. 74. On December 1, 2011, a jury convicted defendant Sheffield of Unlawful Possession With Intent to Distribute 100 grams or More of Phencyclidine ("PCP"), in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iv). Evidence presented at trial established that the defendant possessed a lemon juice bottle containing eight ounces of PCP that was recovered from a vehicle in which the defendant was a passenger. Following defendant Sheffield's arrest and seizure of the drug evidence, Metropolitan Police Officers separated an ounce of liquid from the lemon juice bottle and sent it to the Drug Enforcement Agency ("DEA") for testing. Defendant Sheffield now moves, forty-one days after the jury's verdict, for an order requiring the testing of the remaining seven ounces of PCP evidence, arguing that this is necessary to ensure that the drug evidence "introduced at trial are the same drugs seized on June 8, 2011, and to ensure that the measurements performed by the Metropolitan Police are accurate." Def. Sheffield Mot. to Test Drugs Not Submitted to DEA ("Def.'s Mot. to Test Drugs"), ECF No. 74, at 3. For the reasons stated below, this motion is denied.

1

I.  **BACKGROUND**

On the evening of June 8, 2011, District of Columbia Metropolitan Police Officers stopped the vehicle in which defendant Dante Sheffield was riding after officers observed the vehicle commit traffic violations. Upon approaching the vehicle, officers smelled marijuana and proceeded to search the vehicle for contraband. During this search, officers recovered from the locked center console between the driver's seat and front passenger seat a lemon juice bottle containing eight ounces of PCP. Defendant Sheffield, as well as the owner and driver of the vehicle, Ms. Brande Johnson Dudley, were subsequently arrested and indicted for one count of possession with intent to distribute 100 grams or more of PCP in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iv).

On December 1, 2011, following a three-day trial, a jury convicted defendant Sheffield and acquitted Ms. Dudley. Evidence presented during trial established that defendant Sheffield possessed the lemon juice bottle recovered from the vehicle, and that the lemon juice bottle contained over 100 grams of PCP. Regarding the contents of the lemon juice bottle, which is the subject of the instant motion, the government presented testimony from six witnesses: two arresting officers, who observed and seized the lemon juice bottle at the scene of the traffic stop; three other officers who established the chain of custody of the lemon juice bottle, and detailed their handling, storage, and documentation of the evidence; and a DEA forensic chemist, who testified as to his testing of the PCP evidence.

The government's witnesses testified that the lemon juice bottle contained 369.7 grams of PCP and introduced as evidence photographs documenting the quantity and weight of liquid contained in the lemon juice bottle. Trial Tr. (Rough), 11/29/11 PM (Officer Joseph Abdalla).[1]

---

[1] The parties have not requested a formal transcript of the trial from the court reporter. Accordingly, the Court's citations to the transcript are from the court reporter's rough draft of the proceedings.

Officer Joseph Abdalla testified that he performed field testing and documented pertinent information about the liquid in the lemon juice bottle, in accordance with MPD procedure. *Id.* He then extracted a sample of the liquid contents of the lemon juice bottle to send to the DEA for testing. *Id.* Officer Abdalla testified that pursuant to DEA regulations, the DEA does not accept custody of more than 28.35 grams of suspected PCP. *Id.* He therefore separated approximately one ounce of the drug evidence into a vial and gave it to Detective Scott Brown. *Id.* Detective Brown testified that he placed the vial in a plastic container, heat sealed the container, completed the property receipt, and signed his name on the heat seal. Trial Tr. (Rough), 11/29/11 PM (Detective Scott Brown). Detective Brown then placed the container in an envelope, secured the envelope, initialed his name on the package, and placed it into a property box that was transported to the DEA lab for analysis. *Id.* With regard to the remaining seven ounces of PCP, Officer Abdalla testified that he marked the remaining PCP for destruction by placing it in a separate container and evidence heat seal. Trial Tr. (Rough), 11/29/11 PM (Officer Joseph Abdalla).

Prior to defendant Sheffield's trial, on November 15, 2011, defendant Sheffield filed a motion *in limine* to exclude the drug evidence, arguing that the remaining seven ounces of PCP, which had not been sent to the DEA for testing, had been destroyed contrary to federal regulation 28 C.F.R. §50.21 and that this warranted suppression of all PCP evidence at trial. ECF No. 55. On November 21, 2011, the Court denied this motion, holding that the federal regulation cited by the defendant did not apply to D.C. Metropolitan Police Department ("MPD") and that the drugs had been destroyed in accordance with established procedures.[2]

---

[2] The Court denied the defendant's motion *in limine* to exclude the drug evidence on the record during the pretrial conference held on November 21, 2011, and also reiterated its ruling by Minute Order, stating that the defendant's argument was without merit because:

Approximately ten days later, during trial, the government produced the lemon juice bottle containing the remaining seven ounces of PCP evidence. Contrary to the government's prior representations that this evidence had been destroyed, according to the government "[a] few days before trial, the government learned that the seven ounces of PCP were awaiting destruction and had not yet been destroyed by MPD's third party vendor. At that time, the government was able to locate those seven ounces of PCP and produce them at trial for a viewing by the defendant and his counsel during a recess in the trial proceedings." Gov't Opp'n Def.'s Mot. to Test, ECF No. 77, at 2 n.1. The lemon juice bottle was admitted into evidence, along with five photographs of the lemon juice bottle, its contents, and its weight, that were taken the night of the defendant's arrest. Tr. Ex. Logs, ECF No. 62.

On January 11, 2012, forty-one days following the jury verdict finding defendant Sheffield guilty, he moved for an order directing "the Metropolitan Police to submit the lemon juice bottle of Phencyclidine (PCP) to the [DEA] for testing." Def.'s Mot. to Test Drugs, ECF No. 74. On January 24, 2012, the government filed an opposition to the defendant's motion, arguing that testing of the PCP evidence "does not meet the standards required for newly discovered evidence" under FED. R. CRIM. P. 33(b)(1) because the evidence would not produce

---

> First, by its terms 28 C.F.R. § 50.21 applies to the Federal Bureau of Investigation and the Drug Enforcement Administration. See 28 C.F.R. § 50.21(e). In this case, the [MPD], not the FBI or DEA, seized the PCP evidence at issue and this regulation is inapplicable to the actions of the MPD. Second, even if the regulation did apply, there is no showing of bad faith on part of the government in this case. As the government notes, the MPD substantially complied with the procedures outlined in 28 C.F.R. § 50.21 by 'measuring, photographing, and retaining the threshold amount of PCP for testing.' Gov't Opp'n Def. Sheffield's Mot. Limine, ECF No. 56, at 3. Finally, defendant Sheffield argues that he should have had an opportunity to inspect the PCP evidence recovered in the case before part of this evidence was destroyed. Counsel for defendant Sheffield acknowledged at the pretrial conference, however, that he has not requested inspection of the PCP evidence.

Minute Order dated Nov. 21, 2011. On November 28, 2011, defendant Sheffield filed a motion requesting the Court to reconsider its ruling, stating that he had in fact requested to inspect the PCP evidence prior to trial. The Court denied this motion on the record on November 28, 2011, stating that regardless of defendant Sheffield's desire to test the evidence, 28 C.F.R. § 50.21 did not apply to the MPD.

4

an acquittal at any possible new trial. Gov't Opp'n Def.'s Mot. to Test, ECF No. 77, at 3. For the reasons stated below, the Court agrees and the defendant's motion is denied.

## II. LEGAL STANDARD

Federal Rule of Criminal Procedure 33 provides that "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." Whether to grant a motion for a new trial is "a decision committed to the Court's sound discretion," but should only be granted if the defendant has shown that "the error was substantial, not harmless, and that the error affected the defendant's substantial rights." *United States v. Williams*, No. 09-cr-026, 2011 WL 5833983, at *3 (D.D.C. Nov. 17, 2011) (internal quotations and citations omitted); *see also United States v. Pettiford*, 517 F.3d 584, 591 (D.C. Cir. 2008) ("In reviewing the District Court's decision on a new trial motion, we apply a deferential standard, and will reverse only if the court abused its discretion or misapplied the law."). A motion for new trial under Rule 33 must be filed within 14 days after the verdict, unless the motion is grounded on newly discovered evidence, in which case the motion must be filed within three years. FED. R. CRIM. P. 33(b).

## III. DISCUSSION

Defendant Sheffield seeks an order directing the MPD to test the remaining PCP evidence in order "to ensure that the drugs introduced at trial are the same drugs seized on June 8, 2011, and to ensure that the measurements performed by the Metropolitan Police are accurate." Mem. Supp. Def.'s Sheffield's Mot. to Test Drugs, ECF No. 74, at 3. He argues that this is necessary because "[t]he amount of PCP increases the mandatory-minimum sentence and effects his federal sentencing guideline score which is aggravated by the fact that the defendant may qualify as a career criminal." *Id*. The government opposes the defendant's motion, asserting that testing of the PCP evidence does not meet the standards required for newly

discovered evidence under FED. R. CRIM. P. 33(b)(1),[3] and would not result in newly discovered evidence warranting a new trial or dismissal of the aggravating factor that the defendant intended to sell 100 grams or more of PCP. The Court agrees.

When a defendant seeks a new trial based on newly discovered evidence, the motion may only be granted if the following five conditions are met: (1) the evidence must have been discovered since the trial; (2) the defendant must show diligence in attempting to procure the newly discovered evidence; (3) the evidence relied on must not be merely cumulative or impeaching; (4) it must be material to the issues involved; and (5) of such nature that in a new trial it would probably produce an acquittal. *Pettiford*, 517 F.3d at 591 (quoting *United States v. Lafayette*, 983 F.2d 1102, 1105 (D.C. Cir. 1993) and *Thompson v. United States,* 188 F.2d 652, 653 (D.C. Cir. 1951)); *United States v. Johnson,* 519 F.3d 478, 487 (D.C. Cir. 2008). "In order to be considered newly discovered, the evidence must have been in existence at the time of trial, and discovered since the trial." *United States v. Davis*, 612 F. Supp. 2d 48, 51 (D.D.C. 2009) (citing *United States v. Ortiz,* 136 F.3d 161, 168 (D.C. Cir. 1998)).

In this case, testing of the remaining liquid in the lemon juice bottle would not lead to new evidence that would produce an acquittal and therefore the defendant's motion must be denied. First, evidence presented at trial conclusively established that the liquid in the lemon juice bottle was PCP. The jury returned its verdict against defendant Sheffield after considering the testimony of five MPD officers who testified as to the smell, seizure, documentation, field testing, and storage of the drug evidence. The government also presented the jury with photographs of the lemon juice bottle and its contents that were taken shortly after the evidence

---

[3] Defendant Sheffield does not provide the statutory grounds under which he requests the instant relief. His time to file a motion for new trial on grounds other than newly discovered evidence, pursuant to FED. R. CRIM. P. 33(b)(2), expired on December 15, 2011, fourteen days after entry of the jury's verdict. The Court therefore assumes that defendant Sheffield is moving pursuant to FED. R. CRIM. P. 33(b)(1), which allows him to seek a new trial based on newly discovered evidence within three years of entry of the jury's verdict.

was seized. These photographs indicate the weight of the liquid, its quantity, and the amount separated for DEA testing. In addition, the jury considered the testimony of the DEA forensic chemist who tested the liquid sample and identified the liquid as PCP. Each of these witnesses was subject to cross-examination. At no point during trial did defendant Sheffield argue that the DEA testing was erroneous, that the liquid was not PCP, or that the government's witnesses were not credible.

Second, to the extent that defendant Sheffield argues that the quantity of PCP evidence was incorrect, a measurement of the PCP evidence now, more than six months following its seizure, provides minimal probative value. As the government aptly notes, testing of the remaining PCP evidence would not be able to confirm the initial quantity of PCP because, "as is typical with PCP, some of the remaining seven ounces of PCP has evaporated over time despite being sealed in a plastic bottle and a heat-sealed evidence bag." Gov't Opp'n Def. Sheffield Mot. to Test Drugs, ECF No. 77, at 4. At a new trial, defendant Sheffield would thus "be forced to rely on the photographs of the MPD measurements as well as the testimony of Officer Joseph Abdalla to prove how much PCP was seized at his arrest – which are the same photographs and testimony presented to the jury at the defendant's trial in November 2011." *Id.* Given the evidence documenting the seizure, measurement, and storage of the PCP evidence, all of which went unrebutted during trial, testing of the PCP evidence at this stage would provide the defendant with little countervailing evidence, and certainly not enough to produce an acquittal. *See United States v. Williams*, 233 F.3d 592, 595 (D.C. Cir. 2000) (affirming denial of a defendant's motion for new trial after it was discovered that one of the government's experts committed perjury because the government would still be able to prove the quantity of drugs based on the other evidence presented at trial).

Finally, defendant Sheffield argues that additional testing of the liquid in the lemon juice bottle is necessary in order to confirm that the drugs presented at trial are the same drugs seized from him at his arrest. Mem. Supp. Def.'s Sheffield's Mot. to Test Drugs, ECF No. 74, at 3. Testing of the remaining PCP evidence would not provide this information. At his November 2011 trial, the government presented three chain of custody witnesses who detailed their handling of the drug evidence. Defendant Sheffield did not attack their credibility then, and these same officers would only reiterate their earlier testimony at any new trial. Testing of the remaining PCP in the lemon juice bottle would not rebut these officers' testimony, but would only indicate the amount of PCP that remains with the MPD.

## IV. CONCLUSION

For the foregoing reasons, defendant Sheffield's Motion to Test Drugs Not Submitted to DEA is DENIED. An Order consistent with this Opinion shall be entered.

**DATED: FEBRUARY 7, 2012**　　　　　　　　　　　　/s/ *Beryl A. Howell*
　　　　　　　　　　　　　　　　　　　　　　　　　　BERYL A. HOWELL
　　　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge